11-cv-716 Albrecht v. Mayo Clinic

# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

As I told you during jury selection, you must apply the law as I give it to you, regardless of your opinion about what the law is or should be.  Similarly, if any statement by the lawyers about the jury instructions or the applicable law conflicts with the law as I give it to you in these and my other instructions, you must, of course, accept the law as I give it to you.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  This is true even though some of those I gave you earlier are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

If your recollection of my earlier instructions conflicts in any way with the instructions I give you now, the instructions I give you now control.

## INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

# INSTRUCTION NO. 3

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case.

**INSTRUCTION NO. 4**

As I mentioned earlier, the "evidence" in this case is the sworn testimony of the witnesses and the documents and other things I have received as exhibits.  Things that are not evidence include the statements, arguments, and questions by lawyers, documents or other things that were not received as exhibits, and things that I have said during the trial. You are only to consider the evidence produced during this trial in reaching your verdict.

**INSTRUCTION NO. 5**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 6

Most witnesses are allowed to testify only about what they saw, heard, or experienced. Usually, they are not allowed to give their opinions.  Some witnesses, called expert witnesses, are allowed to give their opinions, because they have special training, education, and experience.

When you evaluate an expert witness's opinion, you should consider the following guidelines:

1.  The education, training, experience, knowledge, and ability of the witness,

2.  The reasons given for the opinion,

3.  The sources of the information relied upon, and

4.  The other guidelines already given to you for any testimony.

You need not give this opinion testimony any more importance than other evidence.

## INSTRUCTION NO. 7

As you know, this is a medical negligence—sometimes referred to as medical malpractice—action.  John Albrecht, on behalf of the next-of-kin of Norma Albrecht, has alleged that the Mayo Clinic, through its physician Dr. Patel, was negligent in providing professional health care to Norma Albrecht, and that Mayo's negligence was a direct cause of Norma Albrecht's death.

In order to prevail on his medical negligence claim, Mr. Albrecht must show by the greater weight of the evidence:

*First*, that Mayo, through Dr. Patel, was negligent in the care and treatment of Norma Albrecht; and

*Second*, that Mayo's negligence directly caused Norma Albrecht's death.

# INSTRUCTION NO. 8

Negligence is the failure to use reasonable care under the circumstances. Reasonable care by a doctor is care that meets an accepted standard of care a doctor, who is in a similar practice in a similar community, would use or follow under similar circumstances.  A failure to provide care that meets an accepted standard of care under the circumstances would be negligence.

A doctor is not negligent simply because his efforts are unsuccessful.  An error in diagnosis is not negligence if the diagnosis was an accepted diagnosis based on the information the doctor had or reasonably should have had, when the diagnosis was made. A failure of treatment is not negligence if the treatment was an accepted treatment based on the information the doctor had or reasonably should have had, when the choice was made.  A doctor must use reasonable care to get the information needed to exercise his or her professional judgment. An error in diagnosis or an unsuccessful treatment chosen because a doctor did not use this reasonable care would be negligence.

**INSTRUCTION NO. 9**

The Mayo Clinic is a corporation and can act only through its doctors, nurses, and other employees.  The negligent conduct of a doctor, nurse, or other employee acting within the scope of his or her employment is the negligence of the corporation.

# INSTRUCTION NO. 10

Negligence should not be presumed.  Specifically, the fact that a death occurred does not by itself mean that someone was negligent.

## INSTRUCTION NO. 11

A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

**INSTRUCTION NO. 12**

A "direct cause" is a cause that had a substantial part in bringing about the death.

**INSTRUCTION NO. 13**

Question number 3 on the verdict form is the damages question.  You only need to answer this question if you answer "yes" to questions number 1 and 2.

The term "damages" means a sum of money that will fairly and adequately compensate any persons who have been harmed.  Damages may include past and future injury.  It must be proved that future injury is reasonably certain to occur.

**INSTRUCTION NO. 14**

A party asking for damages must prove the nature, extent, duration, and consequences of his or her injury.

You must not decide damages based on speculation or guess.

INSTRUCTION NO. 15


In answering question number 3 on the verdict form, you are to decide the amount of money that will fairly and adequately compensate the next-of-kin of Norma Albrecht for their past and future injuries.

You should consider what Norma Albrecht would have provided to her next-of-kin if she had lived.

**Factors to Consider**

You should consider:

1. Her contributions in the past;

2. Her life expectancy at the time of her death;

3. Her health, age, habits, talents, and success;

4. Her occupation;

5. Her past earnings;

6. Her likely future earning capacity and prospects of bettering herself had she lived;

7. Her personal living expenses;

8. Her legal obligation to support the next-of-kin and the likelihood that she would have fulfilled that obligation;

9. All reasonable expenses incurred for a funeral and burial (etc.), and all reasonable expenses for support due to her last sickness, including necessary medical and hospital expenses incurred after and as a result of the injuries causing death;

10. The counsel, guidance, and aid she would have given her next-of-kin;

11.  The advice, comfort, assistance, companionship, and protection that Norma Albrecht would have given if she had lived.

## Lost time together

Decide the length of time those related might be expected to survive together. You should compare the life expectancy of Norma Albrecht with the life expectancy of each claimant.

Take into account only the amount of time the two being compared would be expected to survive together.

Base your money damages for each claimant on the shorter life expectancy of the two being compared.

## Items to exclude

Do not include amounts for:

1.  Punishing the defendant;

2.  Grief or emotional distress of the surviving spouse and the next-of-kin; or

3.  For the pain and suffering of Norma Albrecht before her death.

## Factors to exclude

Do not be influenced by the fact that:

1.  The spouse and next-of-kin may have received money or other property from Norma Albrecht's estate;

2.  The spouse and next-of-kin may have collected insurance benefits because of Norma Albrecht's death; or

3.  There is no legal obligation to support the next-of-kin.

You must determine the total amount of money that will fairly and adequately compensate the next-of-kin for the damages suffered as the result of this death.  I will divide the damages among the next-of-kin.

**INSTRUCTION NO. 16**

**Present cash value of damages**

After finding the dollar value of future damages for loss of Norma Albrecht's future earning capacity and loss of future aid to the next-of-kin, you must then find the present cash value of this amount, and award only the present cash value. This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

**Steps in adjusting**

The following steps are involved in adjusting:

1. Decide if the next-of-kin are entitled to damages for loss of Norma Albrecht's future earning capacity and/or loss of future aid that Norma Albrecht would have provided to the next-of-kin.

2. If so, decide the amount of these future damages in today's dollars. In doing this, you may also consider whether inflation will increase the value of Norma Albrecht's future earning capacity or the aid Norma Albrecht may have provided to her next-of-kin in the future.

3. Decide for how long in the future Norma Albrecht would have experienced lost future earning capacity or provided any aid to her next-of-kin.

4. Decide how much money the next-of-kin needs if they invest it now through the time in the future when they would have needed or received it.

**Damages that must be adjusted**

You must adjust damages only for:

1.  Loss of Norma Albrecht's future earning capacity;

2.  Loss of counsel, guidance, aid, advice, comfort, assistance, companionship, and

    protection Norma Albrecht would have given her next-of-kin in the future.

**Damages not to be adjusted**

You must not adjust damages for any past damages.

**INSTRUCTION NO. 17**

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.

## INSTRUCTION NO. 18

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because your verdict must be unanimous—meaning that all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the Verdict Form is your written decision in this case. The form reads: (read Verdict Form).  You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

If more than one copy of the form was furnished, you will bring the unused forms in with you.